# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ROBERTA L. ROBERSON,    :
              :
  Plaintiff,       :
              :
  v.           :  Civ. No. 17-150-LPS
              :
CITY OF WILMINGTON, et al.,   :
              :
  Defendants.      :

Roberta L. Roberson, Wilmington, Delaware, Pro Se Plaintiff.

Loren Holland, Assistant City Solicitor, City Solicitor's Office, Wilmington, Delaware. Counsel for Defendant City of Wilmington.

Lance M. Geren, Esquire, Freedman and Lorry, P.C., New Castle, Delaware. Counsel for Defendants AFSCME Local 1102 and Delaware Public Employees Council 81.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Delaware Unemployment Insurance Appeal Board.

**MEMORANDUM OPINION**

March 26, 2018
Wilmington, Delaware

[signature] 
**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Roberta L. Roberson ("Plaintiff"), who proceeds *pro se* and was granted *in forma pauperis* status, filed this action on February 10, 2017. Plaintiff alleges wrongful termination of her employment and violations of: (1) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; (2) Section 8(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b); (3) interference and retaliation under the Family Medical Leave Act ("FMLA"); (4) Title 19 - 1200-1201 from Delaware's Unemployment Insurance Appeal Board ("UIAB") Regulations, subparagraphs 6.1 through 6.4; (5) 29 U.S.C. § 626 (c)(1); and (6) conspiracy. The Court has jurisdiction by reason of a federal question pursuant to 28 U.S.C. § 1331.

Presently before the Court are Defendants' motions to dismiss (D.I. 12, 15, 25, 32), Plaintiff's motions for extensions of time (D.I. 17, 18, 27), Plaintiff's requests for default (D.I. 19, 20), Plaintiff's request for counsel (D.I. 21), and Plaintiff's motion to amend (D.I. 28).[1]

## II. BACKGROUND

Plaintiff alleges that on July 25, 2016, Defendant City of Wilmington ("the City") terminated her employment without "due process and just cause." (D.I. 2 at 4) Plaintiff was a member of AFSCME Local 1102, an affiliate of the Delaware Public Employees Council 81 (together the "Union"). She alleges that the Union filed a grievance on her behalf challenging the City's decision to terminate her employment, but the Union breached its duty of fair representation by failing to move the grievance to Step IV of the grievance procedure.

Plaintiff sought, and received, unemployment benefits in August 2016. (*Id.* at 5) Following the City's appeal of the award of benefits, the benefits stopped as of September 13, 2016. (*Id.*) A hearing was held on November 19, 2016 before the Delaware Unemployment Insurance Appeal

---

[1] On January 2, 2018, Plaintiff filed an amended complaint without leave of Court. (*See* D.I. 31) Plaintiff did not file a motion with the amended complaint. The amended complaint was incorrectly docketed as a motion to amend. Recently, the docketing error was corrected.

1

Board ("the Board"), and Plaintiff subpoenaed a union president to testify on her behalf. (*Id.*) Plaintiff alleges the union president "contradicted the grievance claim" she had filed against City management, and the union president "represented the City's interest instead of [hers]." (*Id.*)

Plaintiff alleges that the Union, the City, and the Board have not "responded to [her] with a decision as to [her] grievance progressing to step 4 and arbitration; or [her] right to a hearing in Superior Court, which has compelled [her] to seek remedy from [this Court]." (*Id.*) Her claims against the City include: (1) retaliation for the use of FMLA and sick leave by creating "contrived and arbitrary disciplinary actions;" (2) discharge without due process; (3) discharge without just cause; and (4) failure to provide a decision on Plaintiff's grievance progressing to Step IV. (*Id.* at 4-5) Plaintiff seeks reinstatement of her unemployment benefits, reinstatement of her employment, lost wages and future earnings, and compensatory damages.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of*

2

*Shelby*, ___ U.S. ___, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

IV. **DISCUSSION**

All Defendants move for dismissal and Plaintiff seeks additional time to respond to the motions to dismiss. In addition, she moves for leave to amend. Because the claims against the Board cannot survive no matter how Plaintiff responds, the Court will rule on the Board's motion to dismiss. Plaintiff will be given additional time to file responses to the motions to dismiss filed by the City and the Union.

A.   The Board's Motion to Dismiss

The Board moves for dismissal of the original Complaint on a number of grounds. (D.I. 12) The Court will not address all issues raised by the Board given its immunity from suit.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The Board falls under Delaware's Department of Labor's Division of Unemployment Insurance. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, dismissal is proper because the Board is not a person for purposes of § 1983. *See Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008).

To the extent Plaintiff seeks a review of the decision denying her unemployment benefits, her remedy is to appeal to the Delaware Superior Court, and then to seek review by the Delaware Supreme Court. *See* 19 Del. C. § 3323; *Power v. Hanley*, 1997 WL 1737096, at *1 (Del. Com. Pl. Jan. 3, 1997). The Complaint does not indicate if such review has been sought. Therefore, abstention is appropriate under the *Younger* abstention doctrine, which provides that a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, the Court will grant the Board's motion to dismiss for the foregoing reasons. Amendment of any claim against the Board would be futile.

4

### B. Request for Default

Plaintiff asks the Court to enter the default of the Union defendants for their failure to answer or otherwise appear on or before September 18, 2017. (D.I. 19, 20) The docket reflects that the Union filed its motion to dismiss on November 12, 2017. (D.I. 25) While the Union defendants are technically in default for their failure to timely answer or otherwise appear, they have entered an appearance and move to dismiss the claims against them. *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (stating Third Circuit has "adopted a policy disfavoring default judgments and encouraging decisions on the merits") (citation omitted)). The Court exercises its discretion and will deny the requests for default. (D.I. 19, 20)

### C. Request for Counsel

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Plaintiff requests counsel on the grounds that she is not an attorney, she is not knowledgeable of timely submission of pleadings, and she is overwhelmed with the documentation process. (D.I. 21) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting her request for counsel, including that, to date, Plaintiff's filings indicate that she possesses the ability to adequately pursue her claims. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue again at a later date should counsel become necessary. Therefore, the Court will deny Plaintiff's request for counsel. (D.I. 21)

### D. Motion for Leave to Amend

Plaintiff seeks leave to amend to include claims for which she received notice of suit rights from the U.S. Equal Employment Opportunity Commission. (D.I. 28) The City opposes on the grounds of futility of amendment. (D.I. 30) Rather than wait for the Court's ruling, on January 2, 2018, without leave of court Plaintiff, filed another amended complaint that is different from the proposed amended complaint submitted with the motion to amend.[3] (*See* D.I. 28, 31) In turn, the City filed a motion to dismiss the January 2, 2018 amended complaint. (D.I. 32) Plaintiff did not have leave to file the amended complaint at found at Docket Item 32. Therefore, the Court will strike the amended complaint (D.I. 31) and deny without prejudice the City's motion to dismiss the January 2, 2018 amended complaint (D.I. 32).

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the

---

[3] The amended complaint (D.I. 31) does not comply with the Local Rules of this Court.

opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

In addition, Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

It is not clear from her filings if Plaintiff intends to proceed only against the City on the proposed claims in the amended complaint, or if Plaintiff intends to proceed against the City and the Union on the claims raised in the original complaint, as well as those raised in the proposed amended complaint. The confusion is a result of Plaintiff's failure to comply with the Local Rules of

this Court that require a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Therefore, the Court will deny the motion for leave to amend without prejudice to renew the motion. (D.I. 28)

Should Plaintiff opt to file a renewed motion for leave to amend, the proposed amended complaint shall contain in one document all the claims and name all defendants against whom Plaintiff intends to proceed. Plaintiff is advised to consider the well-reasoned arguments raised by the City (D.I. 15, 16, 32) and the Union (D.I. 25, 26), should she opt to file an amended complaint.

### E. Motions to Extend Time

The Court will grant Plaintiff's motions for extensions of time to respond to the motions to dismiss filed by the City and the Union. (D.I. 18, 27) The Court will deny as moot Plaintiff's motion for an extension of time to respond to the Board's motion to dismiss. (D.I. 17)

## V. CONCLUSION

For the above reasons, the Court will: (1) grant the Board's motion to dismiss (D.I. 12); (2) deny as moot Plaintiff's motion for an extension of time to respond to the Board's motion to dismiss (D.I. 17); (3) grant Plaintiff's motions for extensions of time to respond to the City's and the Union's motions to dismiss (D.I. 18, 27); (4) deny Plaintiff's requests for default (D.I. 19, 20); (5) deny without prejudice to renew Plaintiff's request for counsel (D.I. 21); (6) deny without prejudice to renew Plaintiff's motion for leave to amend (D.I. 28); (7) strike the amended complaint found at Docket Item 31; and (8) deny without prejudice the City's motion to dismiss the amended complaint (D.I. 32).

An appropriate Order will be entered.